## WALTER DICKOVER et al. v. STATE.

No. A-6212.   Opinion Filed May 19, 1928.
(267 Pac. 671.)

C. R. Reeves and Wm. H. Lewis, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Oklahoma county on a charge of having the unlawful possession of intoxicating liquor. Defendants Everett Dickover and Lloyd Sturgus were each sentenced to pay a fine of $50, and to be confined in the county jail for a term of six months. Walter Dickover was fined $50, and sentenced to serve a term of 90 days in the county jail.

The record discloses that at the time charged two officers made something of a general raid in the neighborhood of Wright Station, some 16 miles southeast of Oklahoma City. About a mile distant, and on another section of land from the residence of Walter Dickover, where all the defendants resided, they found a still and some mash. There were some tracks leading from this still to an abandoned section line and from that on to the place of Dickover, which the officers testify they followed to the Dickover house. There they found defendant Sturgus in bed and arrested him, took him to Oklahoma City, and procured a search warrant and returned to the Dickover place. They searched the Dickover house without finding any incriminating evidence, but not far from the house in some bushes found four empty barrels.

While they were there, the other defendants, Walter and Everett Dickover, came up in a car. The officers looked in the turtleback of the car, and found three sacks

of sugar and a bushel of rye. They then took the Dickovers, and went to where they had found the still, and, while further searching about, there found two five-gallon jugs of whisky in the underbrush, 25 or 30 yards from the still. The search warrant with which the officers returned to the Dickover place is challenged, and, under the record, it appears to be invalid, as the affidavit called for the northeast quarter of section 22, and the search warrant called for the northeast quarter of section 23. The Dickovers lived on section 22. There was some evidence of the discovery of the error in the search warrant, and the correction before it was issued by the justice of the peace. Its validity is questioned for other reasons. The evidence is not clear, but we think it immaterial, for the reason that the whisky upon which the charge is based was a mile from the Dickover home on a different tract of land, and in woodlands where a search might legally be made without a search warrant.

The officers testified the tracks at the still corresponded to the tracks of the three defendants, although the evidence is that one of the officers suggested to Sturgus that he had changed his shoes; the inference being that his shoes did not correspond with the tracks. There is no evidence that the tracks where the whisky was found, if any, corresponded with the tracks of defendants. There is no evidence that any of the defendants were ever seen in the immediate vicinity where the still and whisky were found, or going to or returning therefrom. The finding of the sugar in the back of the car is a circumstance pointing to the guilt of the defendants, and we have a strong suspicion they were connected with this or some other whisky or still, as, no doubt, did the jury, but the evidence, being entirely circumstantial, is not of such a conclusive character as to exclude any reasonable hypothesis than the guilt of defendants. We are constrained to hold the evidence insufficient to sustain the judgment.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.